***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before former Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of former Deputy Commissioner Jones.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and Certified Systems, Inc. (CSI).
3. CSI was originally insured by Reliance Insurance Company which is in liquidation. The North Carolina Guaranty Association now insures CSI's claims and its administrator is Cunningham Lindsey Claims Services.
4. Plaintiff's average weekly wage was $480.15.
5. Plaintiff was injured on July 20, 1998, when he was pouring gas into a truck's carburetor and the truck backfired. Plaintiff was set on fire, which required him to jump from the truck and suffer injuries.
6. Defendants paid temporary total disability and medical expenses for plaintiff through the date of the hearing before the Deputy Commissioner and continuing.
7. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
8. Industrial Commission Forms and filings relating to this case were stipulated into evidence as Stipulated Exhibit 2.
9. The issues before the undersigned are: (i) whether plaintiff is totally and permanently disabled; (ii) whether plaintiff is entitled to lifetime compensation and benefits; and (iii) whether defendants are entitled to continue with vocational rehabilitation.
 *********** EVIDENTIARY RULINGS
1. The objections raised in the deposition of Paul O. Schricker, M.D., are OVERRULED.
2. Defendant's Motion to Hear Additional Evidence, submitted on May 1, 2003, containing reports from Charlie Earp Investigations (CEI), and supplemented on May 19, 2003, with additional reports by CEI, is DENIED.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was sixty-one (61) years old and had received a high school education. Plaintiff was in the U.S. Army for three years and received no formal education beyond high school.
2. Plaintiff had previously worked on electrical lines, placing the lines either above or under ground.
3. In 1998, Roger Williams, plaintiff's friend, asked him to come to work for CSI. Mr. Williams had a CDL license and was skilled at moving heavy and expensive pieces of equipment by utilizing a lowboy trailer and tractor.
4. On July 20, 1998, plaintiff attempted to start a truck on top of a lowboy when it stalled. Plaintiff was thrown from the truck and landed on the ground. Plaintiff suffered injuries to his right heel, right and left knees, and his back.
5. CSI filed a Form 60 on August 17, 1998, indicating this accident was a compensable injury and paid temporary total disability compensation commencing on July 20, 1998, at a rate of $320.01 through the date of hearing before the Deputy Commissioner.
6. Plaintiff was originally treated by Tejpal S. Dhillon, M.D, who treated plaintiff until his retirement from medical practice.
7. Dr. Dhillon's partner, Paul Schricker, M.D., began treating plaintiff subsequent to Dr. Dhillon's retirement.
8. Initially, plaintiff's right heel was placed in a cast and he received several periods of physical therapy.
9. On or about March 13, 1999, an arthroscopy was performed on plaintiff's left knee. Plaintiff has received cortisone injections and other medications in order to relieve his pain and period of disability.
10. On July 13, 1999, Dr. Dhillon completed an Industrial Commission Form 25R indicating plaintiff suffered a thirty-five percent (35%) permanent partial impairment rating to his right foot and a ten percent (10%) permanent partial disability rating to his left leg.
11. On February 16, 2001, plaintiff was assigned a vocational rehabilitation counselor who has worked with plaintiff for two years prior to the hearing before the Deputy Commissioner. In spite of this assistance, plaintiff has been unable to obtain employment. Plaintiff has used all good faith efforts in attempting to obtain employment.
12. Prior to plaintiff's injury by accident, he was engaged in heavy work. On April 2, 2001, and August 2, 2002, plaintiff underwent functional capacity evaluations, which indicated that he was able to perform only light employment.
13. Through the date of hearing before the Deputy Commissioner, plaintiff continued to have problems with pain in his right heel, which effected his ability to walk.
14. Plaintiff also had difficulties with his left knee, which affected his ability to move and drive a manual transmission vehicle.
15. Gina Williams, plaintiff's vocational rehabilitation counselor, indicated plaintiff was cooperative and unable to find any job in which he could be employed at the same or greater wages as the wages he earned prior to injury.
16. Dr. Schricker indicated plaintiff would have problems with many everyday activities that require extensive use of his legs and any kind of heavy-duty activity.
17. Dr. Schricker was of the opinion that it was likely plaintiff might need surgery again on his right foot based on the nature of the injury and its degenerative disposition.
18. After reviewing the medical documentation and reviewing the case, Dr. Schricker indicted plaintiff would have great difficulty in driving a manual transmission and would be unlikely to obtain gainful employment.
19. Having considered plaintiff's total circumstances and his educational background as well as work experiences, the Full Commission finds that plaintiff is permanently and totally disabled from gainful employment.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. On July 20, 1998, plaintiff sustained a compensable injury by accident to his right heel, right and left knees, and back. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury by accident on July 20, 1998, plaintiff has received temporary total disability compensation in the amount of $320.01 per week from July 20, 1998, through the date of the hearing before the Deputy Commissioner and continuing. N.C. Gen. Stat. § 97-29.
3. Plaintiff has suffered a thirty-five percent (35%) permanent partial impairment rating to his left foot, and a ten percent (10%) permanent partial rating to his left leg. N.C. Gen. Stat. § 97-31.
4. Based on the totality of the evidence, plaintiff is permanently and totally disabled and entitled to receive total disability compensation until further Order of the Industrial Commission. N.C. Gen. Stat. §97-29.
5. Based on the evidence of record, plaintiff will not benefit from continued vocational rehabilitation. N.C. Gen. Stat. § 97-25.
6. Plaintiff is further entitled to an award of attorney's fees against defendants Erie Insurance and CNA Insurance for the defense of this appeal before the Full Commission. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff continuing total disability compensation in the amount of $320.01 per week until further Order of the Industrial Commission. Said amount shall be subject to a reasonable attorney's fee approved in Paragraph 3 infra.
2. Defendants shall pay all medical expenses resulting from plaintiff's compensable injury by accident on July 20, 1998. This shall include possible future surgery for plaintiff's right foot.
3. A reasonable attorney's fee of twenty-five percent (25%) of compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel. Defendants shall pay directly to plaintiff's counsel twenty-five percent (25%) of compensation due plaintiff under Paragraph 1 of this AWARD. Defendants shall pay every fourth check directly to plaintiff's counsel.
4. Pursuant to N.C. Gen. Stat. § 97-88, defendants shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of $750.00 for the defense of this appeal before the Full Commission.
5. Defendants shall pay the costs.
This the 22nd day of October 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER